IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| GUILLERMINA BRESSLER, | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO. 4:10-CR-50-CDL |
| v. | : | 28 U.S.C. § 2255 |
| | : | CASE NO. 4:11-CV-90114 CDL |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

_____

**REPORT AND RECOMMENDATION**

Petitioner filed her Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on October 6, 2011.  (ECF No. 34.)  Specifically, Petitioner requests that her sentence be vacated and that she be resentenced to home confinement for health reasons.  (Mot. to Vacate 4.)  Petitioner also alternatively requests that her sentence be vacated because she is remorseful, has no prior criminal history, and because she is a grandmother who would like to be able to spend the holidays with her grandchildren.  (*Id.* at 5.)  Petitioner's application for habeas relief is currently before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  For the reasons explained below, Petitioner's motion to vacate should be dismissed because she is not seeking relief cognizable under 28 U.S.C. § 2255.

## BACKGROUND

Petitioner pled guilty to one count of heath care fraud on December 14, 2010. After a thorough presentence investigation was completed, Petitioner was sentenced on August 3, 2011, to seven months imprisonment, three years supervised release, and $162,752.50 in restitution. Judgment was entered against Petitioner on August 15, 2011. Petitioner thereafter filed a motion to delay reporting for her prison sentence due to medical issues. (ECF No. 33.) The Court granted Petitioner's motion in a text only Order of September 15, 2011. In that Order, the Court explained that Petitioner would not have to report until October 15, 2011, but that "the delay in report date could result in a change in the designation of the facility to which [Petitioner] [would] report." (Text Only Order, Sept. 15, 2011.)

Prior to her reporting date, Petitioner filed the presently pending motion to vacate seeking to be allowed either to serve her term of imprisonment in home confinement or have her sentence vacated based on her remorse, lack of prior criminal history, and her status as a grandmother. Petitioner does not otherwise challenge her sentence in her motion to vacate. This motion is now ripe for preliminary review.

## DISCUSSION

Section 2255 provides that a federal prisoner may attack his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

collateral attack. . . ." 28 U.S.C. § 2255.  In other words, § 2255 is a limited remedy which allows a court to grant relief only if it finds that a "sentence[ was] entered by a court without jurisdiction, a constitutional error occurred in sentencing, or an error of law occurred which constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation marks and citations omitted).  "A non-constitutional error that results in a miscarriage of justice should present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Ayuso v. United States*, 361 F. App'x 988, 991 (11th Cir. 2010) (internal quotation marks and citation omitted).

The relief sought by Petitioner does not fall within the categories of relief allowed by 28 U.S.C. § 2255.  Petitioner does not challenge the constitutionality, legality, or duration of her sentence, and she does not otherwise allege a fundamental error in her proceedings such that a miscarriage of justice occurred in this case.  To the contrary, the Court allowed Petitioner to delay reporting due to her medical condition and warned Petitioner that such a delay could result in the location of her detention.  Her request that her sentence be vacated and she be resentenced to home confinement is not cognizable under § 2255.[1]  Likewise, Petitioner's request that her sentence be vacated based on her

---

[1] The Court recognizes that, in certain circumstances, a federal prisoner may contest his or her place of confinement through an application for writ of habeas pursuant to 28 U.S.C. § 2241. *See, e.g., United States v. Saldana*, 273 F. App'x 845, 846 (11th Cir. 2008).  The Court does not construe Petitioner's motion to vacate as requesting the same type of relief sought by a prisoner who wishes to move his detention from one facility to another.  However, if Petitioner seeks to pursue such remedy, she may file a § 2241 petition in the district in which she is currently

character (her remorse, lack of prior criminal history, and the fact that she is a "loving grandmother") is not the type of relief that can be granted by § 2255.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that a judge dismiss a motion to vacate if "it plainly appears from the motion . . . that the moving party is not entitled to relief." As it is clear from the face of Petitioner's motion that she is not entitled to any relief under § 2255, Petitioner's motion to vacate should be dismissed without prejudice.

WHEREFORE it is recommended that Petitioner's application for a writ of habeas corpus be DISMISSED without prejudice for failure to request cognizable relief under 28 U.S.C. § 2255. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 6th day of December, 2011.

S/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE

---

confined. *Saldana*, 273 F. App'x at 846 ("Only a court inside the district where the prisoner is confined has jurisdiction to grant relief pursuant to a § 2241 petition).